Dear Mr. Hammett, Jr.:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Department of Wildlife and Fisheries, you have asked for our opinion regarding the transfer of certain funds.
Your request refers to Act 904 of the 2004 Regular Session which established the Shrimp Trade Petition Account. Specifically, Act 904 amended and reenacted La. Rev. Stat. 56:10(B)(1)(b) and also enacted La. Rev. Stat. 56:305(H).
La. Rev. Stat. 56:10(B)(1)(b), provided, in pertinent part, the following:
 B.(1) Subject to the exception contained in Article VII, Section 9(A) of the Constitution of Louisiana, all funds collected by the commission from every source shall be paid into the state treasury and shall be credited to the Bond Security and Redemption Fund. Out of the funds remaining in the Bond Security and Redemption Fund after a sufficient amount is allocated from that fund to pay all obligations secured by the full faith and credit of the state which become due and payable within any fiscal year, the treasurer shall, prior to placing such remaining funds in the state general fund, conform to the following:
 * * * (b)(i) Pay annually into the Seafood Promotion and Marketing Fund, into a special account entitled the "Shrimp Marketing and Promotion Account", an amount equal to the fees collected pursuant to R.S. 56:305(G) and paid into the treasury by the commission. All expenditures and allocation of funds from this account shall be administered by the Louisiana Seafood *Page 2 
Promotion and Marketing Board to be used for the development of markets for shrimp and creation of marketing strategies for the development and market expansion for shrimp harvested from Louisiana waters.
 (ii) Pay annually into the Conservation Fund, into a special account entitled the "Shrimp Trade Petition Account", an amount equal to the fees collected pursuant to R.S. 56:305(H) and 506.1. Subject to annual appropriation by the legislature, the monies in the fund shall be used exclusively for the purposes of promotion and protection of domestic wild-caught shrimp. For purposes of this Item, promotion and protection of domestic wild-caught shrimp shall include expenses related to the petition filed by the Southern Shrimp Alliance in December 2003 for the imposition of anti-dumping duties pursuant to Section 731 of the Tariff Act of 1930, as amended. The monies in this account shall be invested by the state treasurer in the same manner as monies in the state general fund and all returns on such investment shall be deposited to the account. All unexpended and unencumbered monies remaining in this account at the end of the fiscal year shall remain in the account.
La. Rev. Stat. 56:305(H) provided the following:
 H. For license years 2005 and 2006, in addition to any other fees provided for in this Section, any commercial fisherman who purchases a trawl, skimmer, or butterfly gear license shall be required to pay an annual fee of ten dollars for residents and forty dollars for nonresidents for deposit into the Shrimp Trade Petition Account as provided for in R.S. 56:10(B)(1)(b)(ii). The licensee shall pay the fee required by this Subsection only once in any single license year.
The provisions of La. Rev. Stat. 56:10(B)(1)(b)(ii) and La. Rev. Stat.56:305(H), as enacted by Act 904, have since been terminated.[1] Your request indicates that it is your opinion that the purpose of the legislation would now best be served by transferring the balance remaining in the Shrimp Trade Petition Account to the Louisiana Seafood Marketing and Promotion Board to be used by them in the promotion of wild caught shrimp. You have asked for our opinion on whether such a transfer is permissible under existing law. *Page 3 
In addressing the question presented, we are guided by established rules of statutory interpretation and construction. The fundamental question in cases of statutory construction is legislative intent.Succession of Boyter, 99-0761 (La. 1/7/00), 756 So.2d 1122, 1128. Statutes should be interpreted to give effect to all parts of the statute and should not be given an interpretation that makes any part superfluous or meaningless. Id. at 1129.
La. Rev. Stat. 56:10(B)(1)(b)(ii) specifically provides that the "monies in the fund shall be used exclusively for the purposes of promotion and protection of domestic wild-caught shrimp". Further, it provides that "[a]ll unexpended and unencumbered monies remaining in this account at the end of the fiscal year shall remain in the account".
Accordingly, it is the opinion of this office that the balance remaining in the Shrimp Trade Petition Account may not be transferred to the Louisiana Seafood Marketing and Promotion Board. Pursuant to the specific language of the statute, the remaining unexpended and unencumbered monies must remain in the account. Nevertheless, we believe said funds may be used by the Louisiana Seafood Marketing to promote domestic wild caught shrimp. We are of the opinion that such a use comports with the objects and purposes for which the funds in question were collected. In accord is La. Rev. Stat. 39:704 which provides that the "proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 BY:__________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt
[1] Section 3 of Act 904 provided "[t]he provisions of R.S.56:10(B)(1)(b)(ii), 305(H), and 506.1 as enacted by this Act shall cease to be effective on November 14, 2005, if the United States International Trade Commission rules that shrimp harvesters are not eligible for funds under the Continued Dumping and Subsidy Offset Act of 2000, commonly called the "Byrd Amendment", or otherwise shall cease to be effective on November 14, 2006".